IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| URS Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Charles W. Isham, Barbara J. Sease, ) <br> Lee M. Hicks, Pietrina Butler, Thomas ) <br> Mann, Victor "Ted" Volskay, and ) <br> SynTerra Corporation, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:09-2955-HFF-KFM <br><br> **O R D E R** |

This matter is before the court on the plaintiff's motion for preservation of evidence and forensic inspection of the personal computers of defendant Charles W. Isham (doc. 52). The motion was referred to this court by the Honorable Henry F. Floyd, United States District Judge, on June 2, 2010.

The plaintiff, URS Corporation, is an engineering firm and, according to the complaint, defendant SynTerra Corporation is a direct competitor of URS. Each of the individually named defendants is a former employee of URS. According to the amended complaint, these former employees left URS to go to work for SynTerra having deleted and/or taken URS confidential information with them from URS and having solicited URS clients to move their business to SynTerra (amended compl. ¶ 13). Defendant Isham was the Greenville Office Manager of URS.

The plaintiff alleges causes of action against the individual defendants for breach of contract and breach of the implied duty of good faith and fair dealing, breach of contract accompanied by fraudulent act, violation of the Computer Fraud and Abuse Act, violation of the Stored Wire and Electronic Communications and Transactional Records

Access Act, and breach of the duty of loyalty. The plaintiff alleges causes of action against all the defendants for violation of the South Carolina Trade Secrets Act, violation of the South Carolina Unfair Trade Practices Act, tortious interference with actual and prospective contractual relationships, and conversion. The plaintiff also alleges a claim of aiding and abetting breach of the duty of loyalty against SynTerra.

The plaintiff moves the court for an order requiring defendant Isham to secure and preserve in unaltered form:

> a. Any computers, including any home computers, to which he transferred or had transferred or on which he received any electronically stored information (as that term is used in Rules 26, 33, and 34 of the Federal Rules) from any URS computer or any computer he used while working for URS or on which he prepared any proposals for other employers based on proposals obtained from URS, including the computers) on which the following document was prepared and/or stored: "Macintosh HD:Users:frgolfer:Desktop:Char:Char Proposals: SynT Client Props:Spart Co Props:Spart Co Overhead Bridge 10396 Prop.doc." (collectively the "Isham Computers"); and
>
> b. All hard copy materials in his possession that were so transferred, including copies of any electronically stored information.
>
> URS further moves for an Order requiring that the Isham Computers be delivered to a designated computer forensic expert within 10 days for the purpose of permitting URS to conduct a forensic inspection of the computers under the supervision of the Court and in aid of discovery in this case.

(M. preservation of evidence 1-2).

Isham's employment with the plaintiff ended on July 6, 2009. The remaining individual defendants left URS in October 2009. In its motion, URS contends that on July 13, 2009, it submitted proposals to work on two Spartanburg County Bridge projects. On October 16, 2009, SynTerra submitted proposals on both of these projects. The plaintiff alleges that SynTerra's proposals contain several passages that are lifted verbatim from the URS proposals (m. preservation of evidence 3-4). URS contends that Isham or another of

2

the individual employees violated URS' code of conduct with respect to the URS proposals and that a forensic examination of the Isham computers will reveal the presence or transmittal of proprietary and confidential URS documents and correspondence.

The plaintiff filed its motion on February 26, 2010. On March 1, 2010, Judge Floyd instructed the parties to confer in an effort to resolve the dispute. On April 16, 2010, the parties submitted status reports on their efforts to resolve the matter. The parties were unable to come to an agreement, and each side submitted a proposed computer search protocol.

The protocol proposed by the plaintiff is as follows, in pertinent part:

1. Creation of mirror images of the hard drives of Isham's personal computers;

2. The computer consultant will recover documents and email accounts used by Isham;

3. The computer consultant will provide the recovered data to defense counsel;

4. Defense counsel will review the data to identify personal and/or privileged information he seeks to withhold from production;

5. Within ten days, defense counsel will prepare a privileged email log, a personal email log, and a privileged document log;

6. Also within ten days, defense counsel will produce all the emails and documents recovered by the computer consultant that are not identified in the logs; and

7. The parties will share the fees and costs charged by the computer consultant.

(Pl. status report, ex. B).

The plaintiff proposes that the time frame for forensic analysis and data recovery should encompass the period of June 1, 2009, to the present. As noted above,

3

Isham's employment with the plaintiff ended on July 6, 2009. The remaining individual defendants left URS in October 2009.

Defendant Isham has agreed to the search of the hard drives, but argues that the terms of the plaintiff's proposal are cumbersome, over-reaching, and unduly burdensome to him and his counsel. Particularly, Isham notes that the plaintiff places the entire burden on defense counsel to produce the privileged email log, personal email log, and privileged document log – all within ten days of the computer consultant recovering the data. Isham argues that if the plaintiff would provide key search terms – a procedure that has been used in other cases – the search would return relevant information rather than the "fishing expedition" proposed by the plaintiff. Isham also contends that the time period proposed by the plaintiff is unreasonable and asks that the court establish a proper date limitation. Defendant Isham argues that requiring him to pay 50% of the costs of the computer expert "is onerous especially in light of the fact that URS will not agree to any relevant search terms or restrictions . . ." (def. status report ¶ 12).

The protocol proposed by defendant Isham is as follows, in pertinent part:

1. Creation of mirror image of the hard drives of Isham's personal computers;

2. Searches performed by the computer consultant for folders that appear related to this litigation;

3. Searches for email files to and/or from persons with email addresses in named domains;

4. Searches for email files to and/or from certain persons to be identified by the plaintiff;

5. Searches for electronic files containing key words and phrases to be identified by the plaintiff;

6. The information captured from the searches will be provided to the defendants' counsel for review for responsiveness to the discovery requests and to determine if any responsive information is privileged;

4

7. The computer consultant will then create a CD/DVD of the responsive/non-privileged information and provide a copy to counsel for both sides;

8. Defense counsel will provide the plaintiff with a privilege log of those documents withheld from production; and

9. The mirror images of the hard drives of Isham's personal computers will be returned to defense counsel.

(Def. status report, ex. 1).

Defense counsel notes that preservation efforts have been made with regard to both of Isham's personal computers during the pendency of this motion.

This court finds that the plaintiff's proposal is overly burdensome to defendant Isham and further finds that Isham's proposal is more likely to produce relevant information. The plaintiff's proposed time period – June 1, 2009, to the present – is reasonable, as it begins only one month prior to Isham's departure from the plaintiff's employment.

Based upon the foregoing, the plaintiff's motion for preservation of evidence and forensic inspection of defendant Isham's computers (doc. 52) is granted. Defendant Isham is to deliver his personal computers to the designated computer forensic consultant no later than June 21, 2010. Defendant Isham's proposed protocol is to be used for the searches, which will cover the time frame of June 1, 2009, to the present. The plaintiff is directed to provide the search terms to opposing counsel no later than June 21, 2010. The parties will share equally the fees, costs, and expenses charged by the computer consultant.

IT IS SO ORDERED.

s/Kevin F. McDonald
United States Magistrate Judge

June 11, 2010

Greenville, South Carolina

5