IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| URS Corporation, ) | |
| ) | Civil Action No. 6:09-2955-JMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Charles W. Isham, Barbara J. Sease, ) | |
| Lee M. Hicks, Petrina Butler, Thomas ) | |
| Mann, Victor "Ted" Volskay, and ) | |
| SynTerra Corporation, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on motion of defendant Charles W. Isham for reconsideration (doc. 90) and motion of plaintiff URS Corporation for clarification (doc. 100) of this court's order dated June 11, 2010. The motions were referred to this court by the Honorable Henry F. Floyd, United States District Judge. The case was recently reassigned to the Honorable J. Michelle Childs, United States District Judge.

The plaintiff, URS Corporation, is an engineering firm and, according to the complaint, defendant SynTerra Corporation is a direct competitor of URS. Each of the individually named defendants is a former employee of URS. According to the amended complaint, these former employees left URS to go to work for SynTerra having deleted and/or taken URS confidential information with them from URS and having solicited URS clients to move their business to SynTerra (amended compl. ¶ 13). Defendant Isham was the Greenville Office Manager of URS.

The plaintiff alleges causes of action against the individual defendants for breach of contract and breach of the implied duty of good faith and fair dealing, breach of contract accompanied by fraudulent act, violation of the Computer Fraud and Abuse Act, violation of the Stored Wire and Electronic Communications and Transactional Records Access Act, and breach of the duty of loyalty. The plaintiff alleges causes of action against all the defendants for violation

of the South Carolina Trade Secrets Act, violation of the South Carolina Unfair Trade Practices Act, tortious interference with actual and prospective contractual relationships, and conversion. The plaintiff also alleges a claim of aiding and abetting breach of the duty of loyalty against SynTerra.

On June 11, 2010, this court entered an order granting the plaintiff's motion for preservation of evidence and forensic inspection of the personal computers of defendant Isham. In that order, this court directed that the parties share equally the fees, costs, and expenses charged by the computer consultant. On July 9, 2010, defendant Isham moved for reconsideration of that order, arguing it imposes "a potentially large cost" upon him as it "essentially grants [the plaintiff] a 'blank check' or 'carte blanche' regarding the relative fees, costs, and expenses that their own computer consultant may charge" (Isham m. to reconsider 2-3). The plaintiff opposed the motion, arguing that it is appropriate for Isham to pay half the cost "because the necessity to inspect Defendant Isham's computers flows directly from his misappropriation of URS's confidential information and his documented failure to produce responsive documents that are likely to have existed on one or more of his computers" (pl. resp. 3). This court has considered the parties' arguments and declines to reconsider this portion of the June 11th order. The plaintiff and defendant Isham are to share equally in the fees, costs, and expenses charged by the computer consultant for the inspection of Isham's personal computers.

On August 31, 2010, the plaintiff moved for clarification (doc. 100) of the June 11th order. The plaintiff asks that the court "confirm that the scope of the term 'computers' in the Order is coincident with the scope of the same term in the Motion for Inspection" (pl. m. for clarification 1). Specifically, the plaintiff's motion for inspection defined the term "computers" to clarify that the term did not refer only to personal computers (for example, laptop and desktop computers). The plaintiff stated on page one that the term "computers" "includes not only computers, but also other portable or similar electronic data storage media." Also on page one, the plaintiff explained that defendant Isham's "computers" included any such devices "to which

2

[defendant Isham] transferred or had transferred or on which he received any electronically stored information from any URS computer or any computer he used while working for URS or on which he prepared any proposals for other employers based on proposals obtained from URS . . . " (doc. 52, pl. m. for inspection 1). The plaintiff contends that it has evidence that defendant Isham's handhelds and external hard drives may contain information relevant to this case. The plaintiff further argues that defendant Isham's handhelds, flash drives, and external hard drives can be quickly and easily imaged and returned to him, and thus there is no undue burden on Isham.

Defendant Isham filed his opposition to the motion on September 17, 2010, arguing that this court's order was "clear that the computer protocol is limited to Isham's two personal computers" (Isham resp. m. for inspection 3). Isham further argues that including any "portable or similar electronic data storage media" in the search is unreasonably cumulative or duplicative to the searches of the personal computers.

This court intended the June 11th order to encompass "computers" as defined by the plaintiff in its motion. Accordingly, on or before September 24, 2010, defendant Isham is directed to provide to the designated computer forensic consultant his portable or similar electronic data storage media to which he transferred or had transferred or on which he received any electronically stored information from any URS computer or any computer he used while working for URS or on which he prepared any proposals for other employers based on proposals obtained from URS. The devices are to be imaged and returned to Isham as soon as possible.

Now, therefore,

IT IS ORDERED that the motion for reconsideration (doc. 90) is denied, and the motion for clarification (doc. 100) is granted.

IT IS SO ORDERED.

September 20, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

3